# United States Court of Appeals
# for the Fifth Circuit

No. 21-11157

United States of America,

*Plaintiff—Appellee,*

versus

Ruel M. Hamilton,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC 3:19-CR-83

ORDER:

A jury convicted Ruel Hamilton on two substantive counts of federal-programs bribery, 18 U.S.C. § 666, and one conspiracy count of the same, *id.* § 371. Hamilton appealed and moved for release pending appeal, which we initially denied without the benefit of briefing on the merits and oral argument. Since that denial, he still has not reported to the Bureau of Prisons. Hamilton, a 66-year-old cancer survivor, first had to undergo a quadruple-bypass open-heart surgery in March 2022. He is now set to report on Tuesday, July 19, 2022. Now that the case has been briefed, argued, and submitted, and mindful of that looming report date, Hamilton now renews his motion for release pending appeal.

The power to release a defendant pending appeal comes from 18 U.S.C. § 3143(b). Bail Reform Act of 1984, Pub. L. No. 98–473, § 203, 98 Stat. 1981–82; *see* Fed. R. App. P. 9(b)–(c). To grant release, "the judicial officer" must determine that: (1) the defendant is neither a flight risk nor a danger to the community; (2) the appeal is "not for the purpose of delay"; and (3) it "raises a substantial question of law or fact" that, (4) if decided in the defendant's favor, is "likely to result in" reversal, a new trial, a sentence sans imprisonment, or a sentence less than time already served. 18 U.S.C. § 3143(b)(1)(B)(i)–(iv); *see United States v. Clark*, 917 F.2d 177, 179–80 (5th Cir. 1990). Only the third issue is in play here: whether Hamilton raises a "substantial question of law."

A "substantial" question is one that is "close" or "fairly debatable," one "that could very well [have been] decided the other way." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985) (quotation omitted). That a case presents a question of first impression in our court is a factor favoring substantiality. *Id.* Hamilton here raises significant questions of first impression in this circuit: namely, whether § 666 covers mere gratuities or unofficial acts, and if so, whether his conviction is constitutional in light of certain Supreme Court decisions. *E.g.*, *McDonnell v. United States*, 136 S. Ct. 2355 (2016); *McCormick v. United States*, 500 U.S. 257 (1991). There are already circuit splits on some or all of these issues. That being so, Hamilton has raised a number of "substantial question[s] of law" in this appeal.[*]

Having had the benefit of full briefing and oral argument on these issues, these questions are substantial enough to justify Hamilton's release

---

[*] Hamilton's potential health risks, while significant, do not play a role in determining whether he is entitled to release pending appeal. He does not rely on any cases that say so. In his reply, Hamilton notes that he moved in the district court to delay his report date because his most recent MRI revealed "two large, abnormal lymph nodes along his spine" which may indicate that his cancer has returned and that he has a need to have them biopsied before reporting.

pending appeal. Accordingly, Hamilton's renewed motion for release pending appeal is GRANTED.

\s\ Jennifer Walker Elrod
JENNIFER WALKER ELROD
*United States Circuit Judge*